```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                        )
ZURICH AMERICAN INSURANCE COMPANY,      )
     Plaintiff/Counterclaim-Defendant,  )
                                        )   Civil Action
v.                                      )   No. 21-11621-PBS
                                        )
MEDICAL PROPERTIES TRUST, INC.,         )
     Defendant/Counterclaim-Plaintiff.  )
                                        )
_____


_____
                                        )
STEWARD HEALTH CARE SYSETM LLC          )
                                        )
     Counterclaim-Defendant,            )
                                        )   Civil Action
v.                                      )   No. 21-11902-PBS
                                        )
AMERICAN GUARANTEE AND LIABILITY        )
INSURANCE COMPANY and ZURICH AMERICAN   )
INSURANCE COMPANY,                      )
     Defendants/Counterclaim-Plaintiffs.)
                                        )
                                        )
_____)
```

**MEMORANDUM AND ORDER**

November 22, 2022

Saris, D.J.

**INTRODUCTION**

This case involves a dispute over insurance coverage for damage to Norwood Hospital after a storm on June 28, 2020. Medical Properties Trust, Inc. ("MPT") seeks recovery from Zurich American Insurance Company ("Zurich") for losses from the storm. In a related action, Steward Health Care System LLC ("Steward") alleges

1

that American Guarantee and Liability Insurance Company ("AGLIC") failed to indemnify Steward pursuant to its insurance policy. The parties filed cross-motions for summary judgment.

The principal legal dispute involves the meaning of "surface waters" as defined in the flood policies. The insurance policies define Flood as a "general and temporary condition of partial or complete inundation of normally dry land areas or structure(s)" that can be caused by the "unusual and rapid accumulation or runoff of surface waters, waves, tides, tidal waves, tsunami, the release of water, the rising, overflowing or breaking of boundaries of nature or man-made bodies of water; or the spray there from all whether driven by wind or not." Zurich Am. Ins. Co. v. Med. Props. Tr., Inc., No. 21-cv-11621-PBS, 2022 WL 11218102, at *1 (D. Mass. Oct. 19, 2022). The parties disagree on whether the Flood sublimit in the insurance policies applies to damages caused by water intrusion from the roofs and upper-floor courtyard of the hospital.

On October 19, 2022, the Court allowed Zurich's Motion for Partial Summary Judgment and denied MPT's Motion for Partial Summary Judgment. Zurich Am. Ins. Co. v. Med. Props. Tr., Inc., No. 21-cv-11621-PBS, 2022 WL 11218102 (D. Mass. Oct. 19, 2022). On November 15, 2022, the Court denied Steward's Motion for Partial Summary Judgment and allowed AGLIC's Motion for Partial Summary Judgment. Steward Health Care System LLC v. American Guarantee and Liability Insurance Company and Zurich American Insurance Company,

2

Case No. 21-cv-11902, Dkt. 48.

On September 6, 2022, MPT filed a request for certificate for interlocutory appeal, in accordance with 28 U.S.C. § 1292(b). On September 6, 2022, Steward filed a motion to join MPT's request to certify this question to the First Circuit.

After hearing on November 8, 2022, Steward and MPT filed a Notice of Unopposed Request for Certification of Controlling Question of Law Pursuant to 28 U.S.C. § 1292(b) in each case.

## DISCUSSION

### I. Legal Standard

Generally, the United States Courts of Appeals have jurisdiction only to hear appeals "from all final decisions" of the district courts. 28 U.S.C. § 1291. In limited circumstances, however, district courts may certify interlocutory appeals of decisions that are not final. See 28 U.S.C. § 1292(b). Interlocutory appeals under section 1292(b) require an order that (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) for which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Id.; see Caraballo-Seda v. Mun. of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). Interlocutory certifications under § 1292(b) are "meant to be used sparingly," and "are, accordingly, hen's-teeth rare. They require, among other things, leave of both the trial and appellate

courts." Camacho v. P.R. Ports Auth., 369 F.3d 570, 573 (1st Cir. 2004). Interlocutory certification is only for "exceptional circumstances" and "where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Caraballo-Seda, 395 F.3d at 9.

Finally, "[t]he question of whether an immediate 'appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law.'" Henderson v. Bank of New York Mellon Corp., Civil Action No. 15-10599-PBS, 2016 WL 11003504, at *2 (D. Mass. Feb. 17, 206) (quoting Phillip Morris, Inc. v. Harshbarger, 957 F. Supp. 327, 330 (D. Mass. 1997)). This includes cases where an appeal would avoid trial, curtail or simplify pretrial proceedings or trial, or shorten the time required for trial. 16 Charles Alan Wright et al., Federal Practice and Procedure § 3930 (3d ed. 1998).

II. **Analysis**

The Court agrees with the parties that the issue of whether rainwater that lands and accumulates on a parapet roof one or more stories above the ground is "surface water," as that term has been defined by the Massachusetts Supreme Judicial Court is a controlling question of law. Case No. 21-11621, Dkt. 52 at 1. The Court relied on case law from the Supreme Judicial Court to support its holding that such roof water is "surface water." See Boazova

4

v. Safety Ins. Co., 968 N.E.2d 385, 393 (Mass. 2012) (concluding that water from a raised patio was surface water); Surabian Realty Co. v. NGM Ins. Co., 971 N.E.2d 268, 272 (Mass. 2012) (holding that rain that collects on a paved surface such as a parking lot is surface water). The First Circuit reached the same conclusion in Fidelity Cooperative Bank v. Nova Casualty Co., upholding the district court's conclusion that "ponded" water on the roof of the property in question was surface water. 726 F.3d 31, 40 (1st Cir. 2013). MPT and Steward vigorously insist that the First Circuit ruling regarding surface water was dicta and wrong. They define surface water as "waters from rain, melting snow, springs, or seepage, or floods that lie or flow on the surface of the earth and naturally spread over the ground but do not form part of a natural watercourse or lake." Surabian, 971 N.E.2d 268 at 271–72 (quoting DeSanctis v. Lynn Water & Sewer Comm'n, 666 N.E.2d 1292, 1295 n.6 (Mass. 1992)). In their view, this excludes waters flowing or lying diffusely over surfaces above ground-level, such as a roof.

Numerous state and federal courts have addressed this question and arrived at different conclusions. See Zurich, 2022 WL 11218102, at *4 n.1.

An immediate appeal will materially advance litigation. The resolution of this question would change how the parties litigate the case, from "the nature of proof that must be adduced" to the

5

"discovery that will be undertaken in aid of such proof" to the "parties' prospect for settlement." Case No. 21-11621, Dkt. 52 at 6-7. Among other things, the parties agree that having finality regarding the definition of surface water "will dictate whether the parties require expert opinions regarding the source of the water intrusion that resulted in each element" of loss from the June 28, 2020 flood. Id. at 7-8. Moreover, settlement will be facilitated if the Flood sublimit caps recovery. MPT's insurance policy has a $100 million sublimit for loss caused by a flood, but MPT claims approximately $221 million in losses from the June 28, 2020 storm. Similarly, Steward's insurance policy has a $150 million sublimit for loss caused by a flood, but Steward claims approximately $220 million in losses from the June 28, 2020 storm, including $132 million attributable to flood damage.

Taken together, the Court concludes that an appeal would substantially advance the termination of these cases.

### ORDER

The Unopposed Requests for Certification of Controlling Question of Law Under 28 U.S.C. § 1292(b) (Case No. 21-11621, Dkt. 61; Case No. 21-cv-11902, Dkt. 46) are **ALLOWED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge