# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, )<br>)<br>  Plaintiff and Counterclaim-Defendant, )<br>)<br>v. )<br>)<br>MEDICAL PROPERTIES TRUST, INC., )<br>)<br>  Defendant and Counterclaim-Plaintiff. ) | Case No. 1:21-cv-11621-PBS |

-and-

| | |
|---|---|
| )<br>STEWARD HEALTH CARE SYSTEM LLC, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN GUARANTEE AND LIABILITY )<br>INSURANCE COMPANY and ZURICH )<br>AMERICAN INSURANCE COMPANY, )<br>)<br>  Defendants. )<br>) | Case No. 1:21-cv-11902-PBS |

## **CONFIDENTIALITY STIPULATION**

WHEREAS, the parties to the above-referenced related actions wish to expedite the exchange of information, documents, and things, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is hereby STIPULATED AND AGREED by the undersigned attorneys that the following provisions shall govern the production or exchange of information, documents, and things in connection with these actions:

-1-

FH11231563.4

1.      This Confidentiality Stipulation (the "Stipulation") shall govern the handling of all documents, tangible things, testimony, and discovery responses produced, delivered, or served during these actions, either voluntarily or as required by court orders or discovery requests made pursuant to the Federal Rules of Civil Procedure.  The parties agree that all documents, things, testimony and discovery responses produced, delivered or served during either of the above-referenced actions shall be produced, delivered or served to all parties to both actions.  Any party to the above-referenced actions shall have the right to appear and be represented at any deposition or other discovery event taken by any other party.

2.      Any party to these actions or any third party required to produce documents or information, or to provide testimony pursuant to a discovery request, subpoena or Court Order (the "producing party") may designate as "Confidential" any material that the producing party in good faith believes (a) contains trade secrets, or proprietary, commercial, financial, technical, competitively sensitive,  or other confidential business information or data, and/or (b) contains personally identifiable information, such as a social security number, residential address, or protected health information, and/or which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Confidential Material").  Such designation shall be made by written notice identifying the confidential document, testimony, discovery responses, or other information or discovery material, or by affixing to the face page of such material the legend "Confidential."  Confidential Material shall be treated in accordance with the terms of this Stipulation set forth below.

3.      All Confidential Material shall be used solely for the purpose of this action, and/or related to the claims at issue, and/or proceedings addressing the matters framed by the pleadings in these actions. The following information shall not be considered Confidential

Material under this Stipulation: (a) information in the public domain; (b) information that becomes part of the public domain after its disclosure to a party as a result of a publication not involving a violation of this Stipulation; (c) information already known to a party through proper means prior to disclosure; and (d) information that is or becomes available to a party from a source other than the party asserting confidentiality that obtained the information lawfully and under no obligation of confidentiality.

4. Each party or non-party that designates material as Confidential Material under this Stipulation must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routine designations are not appropriate.

5. Designation of material as Confidential Material will also render confidential any copies, excerpts, summaries, or other forms of recording of the contents of such material.

6. In the case of depositions and subject to the provisions of paragraphs 2-5, designation of a transcript or a portion thereof (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or within thirty (30) business days after the transcript becomes available. Pending the expiration of such thirty-day period, transcripts shall be treated as Confidential Material in their entirety. Subject to the provisions of paragraphs 2-5, counsel retain the right to designate the entire deposition transcript as Confidential Material. If the designation is made after receipt of the transcript of the deposition, all parties shall be notified, in writing, of the pages that are to be treated as confidential. The parties may modify this procedure for any particular deposition through agreement of all parties attending such deposition, as reflected on the record of such deposition.

7.	Subject to the limiting provisions above, inadvertent production of any document intended to be protected as confidential by the producing party without a designation of "Confidential" shall not waive a party's claim of confidentiality as to such document (or any portion thereof), and after discovery of the inadvertent production the producing party may designate the same as "Confidential."  Disclosure by any party or non-party of such matter prior to notice by the producing party of the confidential nature thereof shall not be deemed a breach of this Stipulation.

8.	Except with the prior written consent of the producing party, no Confidential Material may be disclosed to any person other than: (a) attorneys for the parties; (b) secretaries, paralegals, assistants, and other employees of such attorneys assigned to or otherwise assisting in the preparation of this action; (c) outside copying, scanning and litigation support service providers; (d) consultants and experts retained for the purpose of assisting in the preparation of this action; (e) parties to this action or directors, officers, managing agents, inside counsel or employees of any party to this action; (f) potential deposition or trial witnesses; (g) the "Court" (including the jury and any special master appointed by the Court); (h) any mediators and/or arbitrators the parties may choose to retain in connection with this matter; (i) insurers, reinsurers, regulators, accountants or auditors for the parties; and (j) court reporters recording the proceedings in this action.  Before disclosing any designated Confidential Material to consultants and experts, in accordance with Sections (d) of this Paragraph, counsel for the party intending to make the disclosure must first obtain an agreement in writing (in the form attached hereto as Exhibit "A-1") from the expert or consultant to whom disclosure is to be made, reciting that he/she has read a copy of this Stipulation and agrees to be bound by its provisions.  Before disclosing any designated Confidential Material to insurers, reinsurers, accountants or auditors

for the parties, the party intending to make the disclosure must first inform such insurer, reinsurer, accountant or auditor of the existence and contents of this Stipulation.

9. In the event that a person or entity that is not a party to this Stipulation requests or requires disclosure(s) of any Confidential Material, the party from whom disclosure is sought shall give prompt telephonic and written notice to counsel for the party or non-party who produced the Confidential Material, identifying the Confidential Material sought and arranging for transmission of a copy of the subpoena or request. Where possible, at least ten (10) business days' notice shall be given before production or other disclosure shall be made. In no event, absent court order, shall production or disclosure be made before notice is given. Nothing contained herein shall be construed as requiring the party from whom disclosure is sought to challenge or appeal any order of a court of competent jurisdiction requiring production of Confidential Material, or to subject itself to penalties for non-compliance with any court order, or to seek relief from this or any other court.

10. If a party discloses Confidential Material inadvertently or otherwise to persons who are not identified in Paragraph 8, or who are identified in Paragraph 8(d) but who have not signed the form attached as Exhibit "A-1," such disclosure shall be reported in writing to the party who produced such Confidential Material. In that event, counsel for the party who made the disclosure shall make all reasonable efforts to retrieve the Confidential Material and any documents summarizing or otherwise reflecting the content of such Confidential Material.

11. Notwithstanding any other provisions of this Stipulation, nothing herein shall prohibit attorneys for a party from disclosing Confidential Material to the person the document expressly identifies as author, addressee, recipient, or subject of such document.

FH11231563.4

12. If any party seeks to file in Court any Confidential Material or any pleading, motion or other document that contains or describes Confidential Material, or to offer Confidential Material into evidence at trial,, they shall seek to file such documents under seal pursuant to Local Rule 7.2 and the Standing Procedural Civil Order Re: Sealing Court Documents (May 15, 2015).  In that event, or in the event that a party seeks to offer Confidential Material into evidence at trial, each party agrees that it will not oppose a "motion to impound" filed under Local Rule 7.2, provided that the motion to impound seeks to impound documents that have already been designated as Confidential Material prior to the filing of the motion.

13. Notwithstanding any other provisions herein, any party shall have the right to challenge any designation of confidentiality by a producing party by seeking an order of the Court with respect to any Confidential Material.  In any such application, it shall be the burden of the proponent of confidentiality to establish the need for confidentiality with respect to any document challenged, and no inference shall be drawn from the fact that the document previously was designated as confidential pursuant to this Stipulation.  Before any party seeks relief from the Court under this Paragraph, the parties shall make a good faith effort to resolve any dispute concerning the confidential treatment of any document.  The designated material in question shall continue to be treated as Confidential Material subject to the terms of this Stipulation until the Court acts on the motion, and thereafter if the Court's ruling does not remove the designation.

14. Nothing in this Stipulation shall require disclosure of material which counsel for Plaintiff or Defendant contends is protected from disclosure by law, the attorney-client privilege or the work-product immunity, or the disclosure of which would breach an express agreement with a third party to maintain such material in confidence.

15. If a producing party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work-product immunity (the "Inadvertently Disclosed Material"), the producing party may give written notice to the receiving party/parties that the document or thing is subject to a claim of attorney-client privilege or work-product immunity (the "Clawback Notice") and stating the basis for withholding such information from production promptly after discovery of the inadvertent production. Once the Clawback Notice is given, the receiving party shall, if not contested, return or destroy all copies of the document(s) as requested and confirm in writing that all copies have been returned and/or destroyed within ten days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. If contested, the receiving party shall promptly inform the producing party in writing of the reasons for the dispute and may retain the contested material pending judicial resolution of the dispute as set forth in Paragraph 16 below. Any disputed material retained pursuant to the preceding sentence shall be kept segregated and shall not be used for any purpose, other than contesting the Clawback Notice, pending judicial resolution of the dispute. If the Court upholds the Clawback, the receiving party shall promptly return or destroy the contested material. If the Court rejects the Clawback, the receiving party shall no longer be required to keep the contested material segregated. If a receiving party becomes aware that it is in receipt of information or materials which it believes to be privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the producing party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the producing party, and (v)

FH11231563.4

otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

16. The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Material. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production unless the purpose of the recitation is to refute the assertion of inadvertence.

17. The producing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Material. Nothing in this Stipulation shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Material.

18. The foregoing provisions of this Stipulation (i) become binding and effective as between the parties upon the execution of this document by the parties and approval by the Court, and (ii) survive the final termination of this action, unless otherwise agreed.

19. This Stipulation may be executed in one or more counterparts, each of which when so executed may be deemed to be an original.

20. Nothing in this Stipulation shall restrict or limit the manner in which a producing party shall handle, use or disclose its own information.

21. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order or for modification of this Stipulation or to seek any other relief from the Court.

22. The restrictions imposed by this Stipulation may be modified or terminated only by further order of the Court or by written stipulation of the parties.

23. This Stipulation shall survive the final termination of these actions and remains in full force and effect unless modified by court order or by written stipulation of the parties.

Assent to the foregoing Stipulation is hereby given by the parties by and through their attorneys.

Dated: June __, 2023.

SO ORDERED.

Dated: _____                              _____
                                                                                                U.S. District Court Judge

| ZURICH AMERICAN INSURANCE COMPANY | MEDICAL PROPERTIES TRUST, INC. |
|---|---|
| By its attorney, | By its attorneys, |
| */s/ Michael Menapace* | */s/ Martin C. Pentz* |
| Michael Menapace (BBO# 568841) | Martin C. Pentz (BBO # 394050) |
| Wiggin and Dana, LLP | Creighton K. Page (BBO # 674640) |
| 20 Church Street | Natalie F. Panariello (BBO # 707579) |
| Hartford, Connecticut 06103 | Foley Hoag LLP |
| Telephone: (860) 297-3733 | Seaport West, 155 Seaport Boulevard |
| Facsimile: (860) 297-3799 | Boston, Massachusetts 02210-2600 |
| mmenapace@wiggin.com | Telephone: 617 832 1000 |
| | Facsimile: 617 832 7000 |
| | mpentz@foleyhoag.com |
| | cpage@foleyhoag.com |
| | npanariello@foleyhoag.com |
| | |
| | Dale Jefferson (*pro hac vice*) |
| | David D. Disiere (*pro hac vice*) |
| | Martin, Disiere, Jefferson & Wisdom |
| | 808 Travis, Suite 1100 |
| | Houston, TX 77002 |
| | Telephone: 713 632 1717 |
| | jefferson@mdjwlaw.com |
| | disiere@mdjwlaw.com |

<table>
<tr><td>

**AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY**

 */s/     Jonathan D. Mutch*
Jonathan D. Mutch, Esq. (BBO No. 634543)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: 617-859-2722
Email: JMutch@RobinsKaplan.com

</td><td>

**STEWARD HEALTHCARE SYSTEM LLC**

 */s/ Howard M. Cooper*
Howard M. Cooper (BBO No. 543842)
David H. Rich (BBO No. 634275)
Matthew S. Furman (BBO No. 679751)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel: (617) 720-2626
Email: hcooper@toddweld.com
       drich@toddweld.com
       mfurman@toddweld.com

</td></tr>
</table>

EXHIBIT A-1

**NON-DISCLOSURE AGREEMENT**

By my signature, I hereby declare and acknowledge that I have read the Confidentiality Stipulation entered into by the parties to <u>Zurich American Insurance Company v. Medical Properties Trust, Inc.</u>, Civil Action No. 1:21-cv-11621-PBS pending in the United States District Court for the District of Massachusetts and hereby agree to comply with and be bound by the terms thereof.  I agree that I will not disclose in any manner any information or item that is subject to the Confidentiality Stipulation to any person or entity except in strict compliance with the provisions of the Confidentiality Stipulation.  I understand that, by executing this Non-Disclosure Agreement, I submit to the jurisdiction of the courts of Massachusetts, including the United States District Court for the District of Massachusetts, for purposes of any necessary enforcement.

Dated:_____

_____
Signature

Print Name:

_____

Signatory's Address:

_____

_____

_____

21416\65\4882-3612-2185.v7

FH11231563.4